IN THE CIRCUIT COURT FOR QUEEN ANNE'S COUNTY, MARYLAND

Glennis A. Deal and  
Robert E. Deal  
401 Bryce Road  
Queenstown, Maryland 21658  
**Plaintiffs**

v.

Statebridge Company LLC  
100 Jackson Street  
Suite 102  
Denver, CO 80206  

Case No. C-17-CV-22-193

Serve On: Resident Agent  
Incorp Services, Inc.  
1519 York Road  
Lutherville, MD 21093  

And

BWW Law Group, LLC  
6003 Executive Blvd.  
Site 101  
Rockville, Maryland 20852

Serve On: Resident Agent  
Jacob Geesing  
Suite 101  
6003 Executive Blvd.  
Rockville, Maryland 20851

**Defendants**

---

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### Preliminary Statement

1

1. This is an action filed by consumers seeking equitable relief and damages for violations of law by Defendants for moving forward with a foreclosure action against Plaintiffs' home when Defendants have violated the Maryland Consumer Protection Act, Maryland Mortgage Fraud Protection Act, the Real Estate Settlement Procedures Act and Fair Debt Collections Practices Act and allege breach of contract, fraud and negligence. Plaintiffs continue to reside in their home, timely making payments on the first mortgage and making payments on the 2nd mortgage, the subject mortgage, and disputes the validity of the debt claimed owed by Defendants.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, 12 U.S.C. § 2614, 15 U.S.C. § 1691e(f), and 28 U.S.C. § 1367.

## Parties

3. Plaintiff, Glennis Deal ("Ms. Deal", "Homeowner") is a natural person and resides at 401 Bryce Road, Queenstown, Maryland 21658, the subject property.  ("Subject Property").

4. Plaintiff, Robert E. Deal ("Mr. Deal", "Homeowner") is a natural person and resides at 401 Bryce Road, Queenstown, Maryland 21658, the subject property.

5. Ms. Deal and Mr. Deal are a "person" within the meaning of The Real Estate Settlement Procedures Act of 1974 (12 U.S.C. §§ 2601 *et seq.*) ("RESPA") and the regulatory scheme established under Regulation "X" (12 C.F.R. Part 1024), in that they are an "individual" as such term is defined under RESPA (12 U.S.C. § 2602(5)).

6.  Defendant Statebridge Company, LLC ("Statebridge") is a New Jersey limited liability company with its principal place of business located at 100 Jackson Street, Suite 102, Denver, Colorado 80206.

7.  As a mortgage servicer, Statebridge is responsible for the day-to-day management of a mortgage loan, including collecting payments from borrowers, holding funds in escrow accounts for insurance and tax purposes, remitting such escrow funds, interacting with borrowers, and administering the mortgage foreclosure process. Mortgage servicers are also responsible for overseeing and implementing loss mitigation opportunities for borrowers to avoid loan delinquency and foreclosure.

8.  At all times relevant to this action, Statebridge serviced numerous loans that were "federally related" mortgage loans as that term is defined under RESPA and Regulation X.[1]

9.  BWW Law Group, LLC ("BWW") is a debt collection law firm headquartered in Rockville, Maryland. Defendant BWW acts as an agent for Statebridge. Its primary business is in its capacity of "Substitute Trustees" and its attorneys in the filing of foreclosure complaints against borrowers in Maryland.

**FACTS**

10. The subject loan was originated by American Bank Mortgage Goup [sic], a Division of American Bank, a Federal Savings Bank "American Bank" on February 26, 2007, Maryland Second Mortgage.

---

[1] Under RESPA "federally related" mortgage loans are secured by a lien on residential property designed principally for the occupancy of from one to four families, and are made by "creditors" that make or invest in residential real estate loans aggregating more than $1 million per year. See 12 U.S.C. § 2602(1) and regulation "X," 12 C.F.R. § 1024.02(b) (2016) p. 539.

11. Due to financial hardships caused by the Great Recession, the Deals were unable to pay their 1st mortgage and the 2nd mortgage. The Deals were able to obtain a loan modification on their first mortgage and has been timely making those payments.

12. Statebridge took over the servicing of the 2nd Mortgage, sometime in 2019. Defendants do not have the exact date as they never received a letter notifying of the transfer of servicing.

13. Statebridge and the previous servicers, failed to issue to the Deals monthly mortgage statements as required by RESPA.

14. Pursuant to § 1692e of The Fair Debt Collections Practices Act (FDCPA), "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." By failing to provide monthly mortgage statements as required, Statebridge is prohibited from collecting interest yet Statebridge is attempting to collect this interest. BWW is also attempting to collect upon a debt that is not owed.

15. The Deals continue to face the threat of the foreclosure sale of their home and has incurred additional interest, late fees, and other costs as a result of Statebridge and BWW's actions and inactions and failure to remedy the errors committed.

16. In addition, the Deals have suffered non-economic damages in the form of emotional distress that has resulted in the physical manifestation of that distress including, but not limited to: anxiety, stress, frustration, aggravation, loss of sleep, and the fear of losing the home where they are living.

17. The Deals submitted a complete application for modification to Statebridge on April 27, 2022, yet Statebridge has failed to decision the modification as required by RESPA.

18. The Deals did receive letters from Statebridge on May 25, 2022, and July 1, 2022, stating that the review is in process but to date, no decision has been received.

19. Ms. Deal proactively called Statebridge multiple times speaking with "Mike" to obtain an update. The only provided response was that the review was still in process dispute the RESPA requirement to decision within 30 days.

20. Statebridge requested no additional documents to be submitted for the loss mitigation application.

### COUNT I - VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT, MD. CODE ANN., COM. LAW § 13-101

21. The Deals reincorporates all preceding paragraphs as if set forth fully herein.

22. The mortgage loan servicing and transactions of Statebridge, as set forth herein, are governed by the Consumer Protection Act, Md. Code Ann., Com. Law. § 13-101, *et. seq.*

23. Ms. Deal and Mr. Deal are a "consumer" as defined by § 13-101(c)(1)-(2) as they are the actual purchaser or recipient of consumer goods, services, realty, or credit as this dispute involves a loan on residential property that was purchased as Mr. and Mrs. Deals' primary residence and wherein members of their family reside.

24. Statebridge is a "Merchant" as defined by C.L. § 13-101(g) as both directly or indirectly offers or makes available to consumers, consumer goods, services, realty, or credit as Statebridge is the servicer of residential mortgage loans.

25. BWW and Statebridge have acted as collectors under MCDCA by attempting to collect from the Deals upon an alleged loan arising out of a consumer transaction. COM. LAW §14-201(b).

26. Section 13-303 prohibits unfair, abusive, or deceptive trade practices in the extension of consumer credit or collection of consumer debts. The communications and servicing activities of Statebridge as set forth above in paragraphs of this Complaint involve both the extension of credit and the collection of debts.

27. Section 13-301 contains a non-exclusive list of unfair, abusive, or deceptive trade practices to include, the following: (a) False, falsely disparaging, or misleading oral or written statement, visual description or other representation of any kind which has the capacity, tendency or effect of deceiving or misleading consumers; and (b) Failure to state a material fact if the failure deceives or tends to deceive. C.L. § 13-101(1),(3)

28. The Deals allege that Statebridge and BWW engaged in the following unfair, abusive, or deceptive trade practices (among others):

   a. Statebridge and BWW claim that BCMB1 is the creditor of the loan and fail to provide any proof to substantiate that claim as requested by the Deals.

   b. Statebridge and BWW are attempting to collect on interest and lates fees that were never disclosed on the required monthly mortgage statements that were never issued.

29. By engaging in the acts and omissions set forth above, by making the misrepresentations set forth above, and by failing to disclose material facts where the failure to do so deceived or tended to deceive, Statebridge and BWW have committed unlawful or deceptive trade practices in violation of the Maryland Consumer Protection Act.

30. WHEREFORE, the Deals respectfully requests the Court enter judgment in their favor and against Statebridge and BWW and award them damages (including economic and

non-economic) to be proven at trial in a sum in excess of $75,000; incidental and consequential damage and grant the Deals such other and further relief as this Court finds necessary and proper.

### COUNT II - VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

31. The Deals reincorporates all preceding paragraphs as if set forth fully herein.

32. As debt collectors subject to the Federal Fair Debt Collection Practices Act, ("FDCPA"), BWW and Statebridge are prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

33. Statebridge and BWW made false, deceptive and misleading representations in connection with the collection of the debt as follows:

   a. Statebridge and BWW claim that BCMB1 is the creditor of the loan and fail to provide any proof to substantiate that claim as requested by the Deals.

   b. Statebridge and BWW are attempting to collect on interest and lates fees that were never disclosed on the required monthly mortgage statements that were never issued.

34. WHEREFORE, the Deals respectfully request the Court enter judgment in their favor and against Statebridge and BWW and award them Costs pursuant to FDCPA; 15 U.S.C. § 1692k; Statutory damages up to $1,000.00 pursuant to FDCPA, 15 U.S.C. § 1692k(2)(A) and grant the Deals such other and further relief as this court finds necessary and proper.

### COUNT III– VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT 12 C.F.R. § 1024.41, ET SEQ.

35. The Deals reincorporate all preceding paragraphs as if set forth fully herein.

36. Statebridge is a loan servicer of a federally related mortgage.

37. Under the RESPA, specifically 12 U.S.C. § 1026.5(b)(2)(i), a servicer is required to issue periodic statements.

38. Neither the previous servicer nor Statebridge have issued the required monthly periodic statements.

39. Statebridge cannot collect interest when it has failed to provide the required monthly mortgage statements.

40. Ms. Deal submitted to Statebridge an application for modification on April 27, 2022, however, as of this date, Statebridge has failed to decision the application for modification.

41. Under the RESPA, a servicer is required to issue an "Evaluation Notice" as to the loan modification within 30 days of receipt of a full loan modification application. *See* 12 C.F.R. §1024.41 (c)(1)(ii). The notice states the servicer's determination of which Loss Mitigation Options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage.

42. Statebridge has failed to decision the Deals' application for modification.

43. WHEREFORE, the Deals respectfully request the Court enter judgment in their favor and against Statebridge for actual damages (including economic and non-economic) to be proven at trial in a sum in excess of $75,000; statutory damages; costs incurred by the Deals; and grant the Deals such other and further relief as this Court finds necessary and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Respectfully Submitted,

Date: <u>October 30, 2022</u>

_/s/ Glennis Deal_

Glennis Deal
401 Bryce Road
Queenstown, MD 21658

Date: <u>October 30, 2022</u>

_/s/ Robert Deal_

Robert Deal
401 Bryce Road
Queenstown, MD 21658